UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X

Keenia Koleanikov,

       Plaintiff,                MEMORANDUM AND ORDER

  -against-                  Civil Action No.
                                CV-05-05206
Karen Johnson,

       Defendant.

-----------------------------X

TRAGER, J:

    This case involves a breach of contract action brought by Keenia Koleanikov ("Koleanikov" or "plaintiff") against Karen Johnson ("Johnson" or "defendant"). Plaintiff first filed suit in the Civil Court of the City of New York, Small Claims Part. Pl.'s Comp. Invoking 28 U.S.C. § 1442(a), Johnson requested that the case be removed to federal court on the belief that the action arose out of her offer and subsequent withdrawal of employment to Koleanikov in the office of a United States' Representative. Mem. of Law in Supp. of Mot. to Dismiss at 1; Notice of Rem. at 1. See, 28 U.S.C. § 1442(a)-(a)(1) (allowing removal to federal court when "the United States, or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official capacity for any act under color of such office..."). Accordingly, the case was removed to Federal court on November

10. Defendant now moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mem. of Law in Supp. of Mot. to Dismiss at 1; Notice of Rem. at 1.

As Koleanikov is proceeding pro se, her complaint must be reviewed carefully and liberally. Lerman v. Bd. of Elections in the City of New York, 232 F.3d 135, 140 (2d Cir. 2000). In the case of a pro se plaintiff, a more flexible standard is applied in evaluating the sufficiency of the complaint because these plaintiffs generally lack familiarity with the formalities of pleading. Id. (citing Hughes v. Rowe, 449 U.S. 5,9-10 (1972)(per curiam); Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)). Therefore, "in order to justify the dismissal of the plaintiffs' pro se complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lerman, 232 F.3d at 140 (internal quotation marks omitted).

While the complaints of pro se litigant should be read liberally, they still "must contain specific facts supporting its conclusions." Alisaifullah v. Travis, 160 F. Supp. 2d. 417, 420 (E.D.N.Y. 2001) (quoting Covington v. Coughlin, No. 93 Civ. 8372, 1994 WL 163692, at *1 (S.D.N.Y. April 28, 1994)). Plaintiff's complaint states, in total:

> The Claimant asks Judgment in this court for
> $5,000.00 together with interest and disbursements,
> on the following claim: Action to recover monies
> arising out of a breach of contract[.] Date of

occurrence: 09-01-2005.

Pl.'s Comp. Additionally, plaintiff has failed to respond to the motion to dismiss. While defendant, through her motion to dismiss, has assumed that the complaint was in reference to the withdrawal of an offer of employment, this does not serve as assurance that this is the matter the plaintiff refers to in her brief complaint. Even the issue of whether the case was properly removed is predicated solely on the assurance of the defendant that the complaint stems from actions taken in her official capacity as a United States agent.

While it is not "beyond doubt," that plaintiff can assert a set of facts supporting her claim, the lack of specificity with which plaintiff has pled makes it difficult to discern her injuries. As a <u>pro se</u> plaintiff, Koleanikov will have the opportunity to state her claim with greater clarity and so we grant her leave to amend. <u>Platsky v. Central Intelligence Agency</u>, 953 F.2d 26, 28 (2d Cir. 1991). Plaintiff has thirty (30) days in which to amend her pleading to "set out, with particularity and specificity, the actual harms [s]he suffered as a result of the defendant's clearly defined acts." <u>Id.</u> at 29.

In addition, plaintiff has taken no action in this matter since the case's removal and failed to comply with a filing date set by Judge Bloom, requesting that her opposition to defendant's motion be filed by April 17, 2006. Accordingly, this case will

be dismissed, without prejudice, for lack of prosecution if within thirty (30) days from the date of this notice plaintiff does not amend her complaint or file an explanation for the lack of proceeding which is approved by the Court.

Dated: Brooklyn, New York
       July 27, 2006

                                  SO ORDERED:

                                   /s/
                                  David G. Trager
                                  United States District Judge